UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JORGE V. ORTIZ,

               Plaintiff,

      v.

COUNTY OF ORANGE SOCIAL
SERVICES AGENCY,

               Defendant.

Case No. SACV 21-01140-JWH (RAO)

ORDER DISMISSING COMPLAINT

I.       **INTRODUCTION**

On June 30, 2021, Plaintiff Jorge V. Ortiz ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a Complaint pursuant to 42 U.S.C. § 1983.  Dkt. No. 1. The Court screened the Complaint, and on July 13, 2021, the Court dismissed the Complaint with leave to amend ("July 13, 2021, order").  Dkt. No. 6.  The Court's July 13, 2021 order, gave Plaintiff 30 days to file an amended complaint and warned Plaintiff that failure to file an amended complaint would result in dismissal of this action for failure to prosecute.  *Id*.

On July 30, 2021, Plaintiff filed an objection to the July 13, 2021, order and requested review by the District Judge.  Dkt. No. 7.  On October 4, 2021, Plaintiff's objection was overruled and Plaintiff's request for review was denied.  Dkt. No. 8. The deadline for Plaintiff to file a First Amended Complaint was extended to October 25, 2021.  *Id*.

Because Plaintiff did not file an amended complaint by the October 25, 2021, deadline, the Court issued an order to show cause ("OSC") on November 15, 2021. Dkt. No. 9.  The Court ordered Plaintiff to show cause by December 6, 2021, why this action should not be dismissed for failure to prosecute.  *Id*.  The OSC provided that Plaintiff could discharge the OSC by filing an amended complaint on or before the same December 6, 2021, deadline.  *Id*.  The OSC warned Plaintiff that his failure to file a timely response to the OSC could lead to dismissal of his action for failure to prosecute.  *Id*.  To date, Plaintiff has not responded to the OSC or filed an amended complaint.

II.      **DISCUSSION**

Rule 41 of the Federal Rules of Civil Procedure governs the dismissal of federal actions.  Rule 41(b) grants district courts authority to dismiss actions for failure to comply with court orders or for failure to prosecute.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  District courts may exercise their inherent power to control their

dockets by imposing sanctions, including, where appropriate, the dismissal of a case.  *Ferdik*, 963 F.2d at 1260.

A court must weigh five factors when determining whether to dismiss an action for failure to prosecute or failure to comply with court orders:

(1)     the public's interest in expeditious resolution of litigation;

(2)     the court's need to manage its docket;

(3)     the risk of prejudice to defendants;

(4)     the availability of less drastic alternatives; and

(5)     the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Dismissal is appropriate where at least four factors support dismissal, or where three factors "strongly support" dismissal.  *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990).

Here, the first and second factors (the public's interest in expeditious resolution and the Court's need to manage its docket) strongly favor dismissal.  "[T]he public's interest in expeditious resolution of litigation always favors dismissal."  *Id.*  Here, Plaintiff has failed to file the amended complaint by the court-ordered deadline.  Moreover, Plaintiff did not respond to the Court's OSC why this action should not be dismissed for failure to prosecute.  Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court."  *Yourish*, 191 F.3d at 990.  Plaintiff's inaction interferes with the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket.  Accordingly, these two factors weigh strongly in favor of dismissal.

The third factor (the risk of prejudice to the defendant) requires a defendant to establish "that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  *Pagtalunan*, 291 F.3d at 642.  "Limited delays and the prejudice to a defendant from the pendency of

3

a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  However, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely" act.  *Yourish*, 191 F.3d at 991. The better the reason, the less likely it is that the third factor will favor dismissal. *See id.* (finding that the plaintiff's "paltry excuse for his default on the judge's order indicate[d] that there was sufficient prejudice to Defendants from the delay that [the third] factor also strongly favor[ed] dismissal").  The Ninth Circuit has stated that "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *see also In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (quoting *Anderson*).  Here, the failure to file an amended complaint and to respond to the Court's OSC indicates Plaintiff's loss of interest in the matter.  The Court finds that the third factor weighs in favor of dismissal.

The fourth factor (the availability of less drastic alternatives) also weighs in favor of dismissal.  The Court has provided Plaintiff sufficient time to file an amended complaint.  When Plaintiff did not file an amended complaint by the deadline imposed, the Court issued an OSC, allowing Plaintiff another opportunity to file.  The Court cautioned Plaintiff that a failure to respond to the OSC may result in dismissal of the action for failure to prosecute, *see* Dkt. No. 9, yet Plaintiff has failed to file an amended complaint or otherwise respond to the Court's orders. Plaintiff's failure to participate in his own lawsuit supports that no lesser sanction will be effective.  Also, the Court is dismissing this action without prejudice, a far less drastic alternative than dismissal with prejudice.  Accordingly, this factor favors dismissal.  *See Watts v. Kernan*, 336 Fed. App'x 747 (9th Cir. 2009) (affirming dismissal of action for failure to prosecute where prisoner plaintiff failed

1  to respond to a motion to dismiss after a district court granted several extensions of
2  time and warned that failure to file an opposition could result in dismissal).

3        Regarding the fifth factor, public policy generally favors the disposition of
4  cases on their merits. *Pagtalunan*, 291 F.3d at 643.  However, it is the
5  responsibility of the moving party to move the case toward a timely disposition on
6  the merits, and to refrain from dilatory and evasive tactics.  *Morris v. Morgan*
7  *Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  Thus, it does not appear that
8  retention of this case would increase the likelihood of the matter being resolved on
9  its merits.  This factor does not weigh in favor of or against dismissal.

10        Four factors favor dismissal and one factor is neutral.  Accordingly, dismissal
11  of this action without prejudice is appropriate.

12  **III.**   **CONCLUSION**

13        For the reasons set forth above, it is **ORDERED** that this case is
14  **DISMISSED without prejudice**.

15        **IT IS SO ORDERED.**

16

17  DATED: December 29, 2021

18  _____
    JOHN W. HOLCOMB
19  UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28